UNITED STATES of America,
Plaintiff–Appellee,

v.

Joe Edward BENAVIDES, a/k/a Little
Joe, Defendant–Appellant.

No. 87–1843
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1988.

Mike Brown, Lubbock, Tex. (court appointed), for defendant-appellant.

Steven M. Sucsy, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Following denial of his motion to suppress evidence, Joe Edward Benavides entered a Fed.R.Crim.P. 11(a)(2) conditional guilty plea to one count of possession and two counts of receipt of a firearm by a convicted felon, 18 U.S.C. §§ 1202(a)(1) Appendix and 922(h). Benavides contends that an arrest warrant which preceded a search warrant was invalid and that the search warrant was therefore invalid; alternatively, that the search conducted by the officers exceeded the scope of the warrant. Finding no merit in either assignment of error, we affirm.

*Background*

On March 21, 1986 a federal magistrate issued a warrant for the arrest of Bena-

vides on a charge of conspiracy to commit arson. The arrest warrant was on a standard form and was entitled "United States of America v. Joe Edward Benavides, also known as Little Joe." The warrant was directed to "Any authorized federal law enforcement officer," and contained the directive: "You are hereby commanded to arrest                          ." The words "here insert name of defendant or description" appeared in small print beneath the vacant space. Through inadvertence or clerical error Benavides' name was not typed in the blank space.

Shortly after issuance of the arrest warrant Benavides was located in Lubbock, Texas and an arrest team repaired to his residence. The officers made a quick sweep of the residence. Benavides was not present, but the officers observed, in plain view, marihuana, a white powder, roaches, pipes, straws known as "tooters," and a razor blade. The experienced officers recognized the marihuana, examined the white powder which field-tested positive for cocaine, and considered the paraphernalia to be drug-related. The officers secured the residence pending a request for a search warrant.

The agents immediately obtained a warrant from the magistrate authorizing a search of the premises for marihuana, cocaine, other controlled substances, and related paraphernalia. In the ensuing search the agents discovered a quantity of mathamphetamine, L.S.D., two machine guns, twelve other firearms, two silencers, and eight hand grenades.

Benavides was indicted and then reindicted. Following the denial of his motion to suppress the firearms he pled guilty.

### Analysis

■ Benavides contends that the district court should have suppressed the firearms discovered during execution of the search warrant because the evidence supporting the issuance of that warrant was tainted as the product of an invalid arrest warrant. He maintains that the arrest warrant violated the fourth amendment and Fed.R. Crim.P. 4(c)(1),[1] because his name was not inserted in the blank space provided in the body of the form.

This argument is not persuasive. The arrest warrant must "truly name" the person charged or "describe him sufficiently to identify him." *West v. Cabell*, 153 U.S. 78, 85, 14 S.Ct. 752, 753, 38 L.Ed. 643 (1894). Technical error does not automatically invalidate a warrant. *United States v. Carter*, 756 F.2d 310 (3d Cir.1985). If the warrant contains the name of the defendant it is valid. *Gero v. Henault*, 740 F.2d 78 (1st Cir.1984). *United States v. Jarvis*, 560 F.2d 494 (2d Cir.1977), on which Benavides relies, teaches that "[t]o comply with Rule 4(c)(1) and the fourth amendment the name or a particularized description of the person to be arrested must appear *on the face* of the 'John Doe' warrant." In this case, Benavides' name is trumpeted in the style of the warrant. Examination of the warrant leaves no doubt that it directed the officers to arrest Benavides. We further note that a partial identification buttressed by personal knowledge of the officers was deemed sufficient to validate an arrest in *United States v. Mahoney*, 712 F.2d 956 (5th Cir.1983). We conclude that the arrest warrant for Benavides was not invalid.

■ Were we to conclude otherwise, Benavides would be entitled to no relief. There is no facial challenge to the search warrant, and none would be successful. The execution of that warrant in subjective and objective good faith brings the actions of the officers within the good-faith exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Williams*, 622 F.2d 830 (5th Cir.1980).

---

1. Fed.R.Crim.P. 4(c)(1) provides:

   The warrant shall be signed by the magistrate and shall contain the name of the defendant or, if the defendant's name is unknown, any name or description by which the defendant can be identified with reasonable certainty. It shall describe the offense charged in the complaint. It shall command that the defendant be arrested and brought before the nearest available magistrate.

Benavides next complains that the officers exceeded the scope of the search warrant, insisting that the officers could seize only the contraband in plain view. This contention is without merit. The officers did not need a search warrant to make that limited seizure; the authority of the arrest warrant and the plain-view doctrine sufficed for that purpose. The search warrant authorized the search of any area in which the officers might find marihuana, cocaine, other controlled substances, and drug-related paraphernalia. This included all places, containers, and contents in the residence capable of holding such contraband. *United States v. Morris*, 647 F.2d 568 (5th Cir.1981). The search of the Benavides residence made by the agents was within these parameters.[2]

The conviction is AFFIRMED.

---

**2.** An example of the wisdom of this rule is reflected by the results of the search at bar. The last place searched was the crawl space under the house. The agents found the methamphetamine and L.S.D. hidden there.