UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricky W. GORDON,
Defendant–Appellant.

No. 89–2889
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 26, 1990.

Rehearing and Rehearing En Banc
Denied June 4, 1990.

Greg Gladden, Houston, Tex., for defendant-appellant.

Kathlyn G. Snyder and Paula Offenhauser, Asst. Attys. Gen., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Ricky W. Gordon (Gordon) appeals his conviction, following a guilty plea pursuant to Fed.R.Crim.P. 11(a)(2), of possessing methamphetamine with intent to distribute it and a related firearms offense. Gordon challenges only the district court's denial of his pretrial motion to suppress evidence, contending that the search warrant used to obtain the evidence violated the particularity requirement of the Fourth Amendment. We affirm.

**Facts and Proceedings Below**

On September 16, 1988, an undercover police officer showed Drug Enforcement Administration (DEA) Agent Wayne Hoffman (Hoffman) a residence that the officer

identified as one of the locations at which Gordon was believed to be manufacturing methamphetamine. The same undercover officer had been involved with Gordon in the manufacture of methamphetamine. Believing that the address of the residence was 18003 Tenth Street, in Magnolia Gardens Subdivision, Harris County, Texas, Hoffman on September 22, 1988, appeared before a United States Magistrate and obtained a search warrant for premises at "18003 10th Street, Magnolia Gardens, Harris County, Texas."

Upon executing the warrant, Hoffman discovered a methamphetamine laboratory at the residence that the undercover officer had shown him. About a week or two later, when routinely examining tax records to determine the identity of the owner of the residence searched, Hoffman learned for the first time that the address contained in the search warrant did not exist.

Gordon testified at a suppression hearing that the residence's correct address was 18003 Riverside Drive in Riverglen Subdivision, Harris County. Apparently, Tenth Street is almost perpendicular to Riverside and is marked with a dead end sign near the intersection of the two streets.[1] The street sign at the intersection reads only "10th St." Hoffman testified that the residence was located three blocks past the intersection after turning right and was marked with a sign that read "18003."

Hoffman further testified regarding the basis for his error. He explained that as he entered the area on Garrett Street, which eventually turns into Tenth Street, he saw a sign reading "Magnolia Gardens." Hoffman asserted that he did not see a sign indicating that Riverside was not a continuation of Tenth Street.

Gordon was indicted on October 19, 1988, in the United States District Court for the Southern District of Texas, Houston Division, on four counts: distributing amphetamines on September 16, 1988, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (count one); carrying a firearm during and in relation to the commission of a drug trafficking offense on September 16, 1988, in violation of 18 U.S.C. § 924(c)(1) (count two); possessing methamphetamine with the intent to distribute it on September 23, 1988, in violation of §§ 21 U.S.C. 841(a)(1) and 841(b)(1)(C) (count three); and carrying a firearm during and in relation to the commission of a drug trafficking offense on September 23, 1988, in violation of 18 U.S.C. § 924 (count four). Gordon originally entered a plea of not guilty and filed numerous pretrial motions, including a motion to suppress evidence seized from 18003 Riverside Drive. Following a hearing on the suppression issue, the court denied the motion in a written order and a jury was selected.

Gordon subsequently entered into a plea bargain agreement with the government and pleaded guilty to the third and fourth counts in the indictment. His plea, pursuant to Fed.R.Crim.P. 11(a)(2), was conditioned upon appellate review of the court's suppression ruling.[2] The court sentenced Gordon to one hundred twenty-one months as to the third count and to sixty months as to the fourth count, the two sentences to be served consecutively. The court also imposed two consecutive three-year terms of supervised release and assessed a special assessment of $100. This appeal followed.

### Discussion

■ Gordon maintains on appeal that the district court erred by finding the search warrant to be valid and consequently not suppressing the evidence seized in the search of the Riverside residence, contending that the warrant used violated the particularity clause of the Fourth Amendment because it contained the wrong address. We need not reach this issue, how-

---

1. As one approaches the intersection from Tenth Street, Riverside is to the right and what Hoffman explained appeared to be a little driveway is to the left. Tenth Street apparently curves into Riverside Drive.

2. Gordon moved for a mistrial as to the remaining counts, the government moved to dismiss those counts after Gordon waived any double jeopardy rights that could arise if the convictions were reversed on appeal, and the remaining counts were dismissed.

ever, because the evidence is admissible under the good faith exception to the exclusionary rule of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See* 2 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* 207 (1987) (Because of *Leon*, "whether the description in the warrant *in fact* was constitutionally adequate is no longer determinative on the suppression issue.") (emphasis in original).

The *Leon* Court ruled that suppression "cannot logically contribute to the deterrence of Fourth Amendment violations" if an officer acted in objectively reasonable belief that the warrant had been properly issued. *Leon*, 104 S.Ct. at 3418–19 (footnote omitted). However, as one exception to that rule, the Court stated: "depending on the circumstances of the particular case, a warrant may be so facially deficient—*i.e.*, in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* at 3421 (citation omitted).

Here, one who looked simply at the warrant, or at both the warrant and the supporting affidavit, would not suspect that it was invalid; any defect would appear only if one knew that Tenth Street did not have an "18003" address. It is obvious that such was not common knowledge throughout Harris County. The asserted defect in the warrant was not facial in the sense used in *Leon*.

To rule in these circumstances that this warrant was "so facially deficient" that its executing officers could not "reasonably presume it to be valid," would egregiously elevate form over substance. Hoffman had sufficient probable cause to search Gordon's residence and was able to obtain a warrant from a magistrate. Further, Hoffman searched only the location intended to be searched—the residence he had seen with the undercover officer on September 16, 1988.[3] Because Hoffman was both the affiant and the executing officer and had recently viewed the location in

question, "there was no possibility the wrong premises would be searched." *United States v. Burke*, 784 F.2d 1090, 1093 (11th Cir.), *cert. denied*, 476 U.S. 1174, 106 S.Ct. 2901, 90 L.Ed.2d 987 (1986).

In *Burke, supra*, the Eleventh Circuit upheld the validity of a warrant even though it contained an incorrect address because, among other things, the affiant accompanied the executing officers on the search and was able to point out the proper location. *Burke*, 784 F.2d at 1093; *accord United States v. Gahagan*, 865 F.2d 1490 (6th Cir.1989); *United States v. Turner*, 770 F.2d 1508 (9th Cir.1985); *United States v. Clement*, 747 F.2d 460 (8th Cir.1984). Here, despite the error in description, Hoffman "could still ascertain with reasonable effort the place intended" to be searched. 2 W. LaFave, *supra*, at 215 n. 34.

Under the circumstances of this case, we cannot conclude, as Gordon argues, that the good faith exception to the exclusionary rule is inapplicable. *United States v. Mahoney*, 712 F.2d 956, 960–62 (5th Cir. 1983). Hoffman entertained the objectively reasonable belief that the warrant had been properly issued and that it comported with the Fourth Amendment. Nothing indicates that Hoffman acted in bad faith. *See* 2 W. LaFave, *supra*, at 214–15. It obviously could not serve any law enforcement, or other, purpose to intentionally state a nonexistent address on a warrant plainly intended to be executed at the specific place it was executed and for which there was probable cause to search. Any Fourth Amendment violation here was purely technical in terms of the interests that the amendment was designed to protect. As excluding the evidence here would not serve as a meaningful deterrent to future Fourth Amendment violations, and any marginal increment in deterrence that application of the rule would achieve is outweighed by the societal costs of suppression, we rule that the district court correctly denied Gordon's motion to suppress. *Mahoney*, 712 F.2d at 962.

---

3. We note that the erroneous address contained in the warrant did not actually exist. Conse-

quently, there was no possibility that the wrongly-noted location could have been searched.

Gordon also seeks a remand to present evidence demonstrating that one who was unfamiliar with the subject location would not be able to find it with the warrant in question. Given the preceding authority, such an inquiry is unnecessary since Hoffman was both the affiant and the executing officer. Consequently, a remand is not called for.

### Conclusion

For the foregoing reasons, the order of the district court denying Gordon's suppression motion is

AFFIRMED.