The STATE of Ohio, Appellant,

v.

DORE, Appellee.

[Cite as *State v. Dore* (1992), 79 Ohio App.3d 466.]

Court of Appeals of Ohio,
Seneca County.

No. 13–91–54.

Decided May 28, 1992.

*Paul F. Kutscher, Jr.,* Prosecuting Attorney, and *Kenneth H. Egbert, Jr.,* Assistant Prosecuting Attorney, for appellant.

*Douglas A. Burtt,* for appellee.

SHAW, Judge.

This is an appeal by the state of Ohio from a judgment entered in the Common Pleas Court of Seneca County, granting the motion of defendant-appellee, Frank T. Dore III, to suppress evidence.

On January 9, 1991, Lieutenant David Hartsel, of the Tiffin Police Department, prepared a search warrant and accompanying affidavit in order to conduct a search of the defendant's house. However, the address on the command portion of the search warrant was incorrect, stating the house to be searched as 222 Jefferson Street, while the affidavit contained the defendant's correct address, which is 222 Sycamore Street.

Lt. Hartsel subsequently took the search warrant and affidavit to be inspected by Judge Frederick Daniel, Jr. of the Tiffin Municipal Court. Judge Daniel also failed to notice the address discrepancy and approved the search warrant. On the evening of January 9, 1991, the defendant's house, located at 222 Sycamore Street, was searched by Lt. Hartsel.

On May 22, 1991, the Seneca County Grand Jury indicted the defendant, charging him with one count of drug abuse in violation of R.C. 2925.11.

The defendant filed a motion to suppress evidence on July 17, 1991, alleging that the address on the search warrant was defective. Hearing on the defendant's suppression motion was held September 6 and 9 and November 7, 1991, resulting in the trial court's order granting the defendant's motion to suppress upon its finding that Lt. Hartsel lacked authority to search due to the address discrepancy.

The state now appeals this decision and asserts the following two assignments of error:

"I. The trial court erred in suppressing the evidence seized pursuant to a warrant because the search warrant and accompanying documents reasonably described the premises so that Officer Hartsel could locate the residence in question without any serious risk that the premises would be mistakenly searched.

"II. The trial court erred in suppressing the evidence seized pursuant to a warrant because Lt. Hartsel acted in the objectively reasonable belief that the warrant had been properly issued."

Crim.R. 41(C) governs the issuance and contents of a search warrant and provides that:

"A warrant shall issue under this rule only on an affidavit or affidavits sworn before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name and describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the

search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. * * * ”

R.C. 2933.23 governs the affidavit for a search warrant and provides as follows:

“A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized * * * .”

R.C. 2933.24 governs the contents of a search warrant and provides in pertinent part:

“(A) A search warrant shall be directed to the proper law enforcement officer or other authorized individual and, by a copy of the affidavit inserted in it or annexed and referred to in it, shall show or recite all the material facts alleged in the affidavit, and particularly name or describe the property to be searched for and seized, the place to be searched, and the person to be searched. * * * ”

The state alleges that the search warrant coupled with the affidavit provided probable cause to search the defendant's premises and that the incorrect address on the command portion of the search warrant was only a technical error. The state requests that this court apply the good faith exception to the exclusionary rule of the Fourth Amendment.

In *State v. George* (1989), 45 Ohio St.3d 325, 331, 544 N.E.2d 640, 646, the Ohio Supreme Court adopted the good faith exception to the Fourth Amendment exclusionary rule enunciated in *United States v. Leon* (1984), 468 U.S. 897, 919, 104 S.Ct. 3405, 3418, 82 L.Ed.2d 677, 696, and held:

“The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case in chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause.” *State v. George, supra,* paragraph three of the syllabus.

In *United States v. Gordon* (C.A.5, 1990), 901 F.2d 48, the Fifth Circuit held that an incorrect street name in the search warrant was not a “facial defect” which would preclude admission of evidence discovered during a search under the good faith exception to the exclusionary rule, because one who would look at both the warrant and supporting affidavit would not suspect the warrant was invalid. In *Gordon,* as in the case before us, the address contained in the search warrant did not exist and, further, the police officer involved was both the affiant and the executing officer. The *Gordon* court held that based on this fact, there was no possibility that the wrong premises would be searched,

relying on *United States v. Burke* (C.A.11, 1986), 784 F.2d 1090, 1093, where the Eleventh Circuit upheld the validity of a search warrant even though it contained an incorrect address because, among other things, the affiant accompanied the executing officers on the search and was able to point out the proper location. The court in *Gordon* also considered the officer's reasonable belief that the warrant had been properly issued and that it complied with the Fourth Amendment.

Based on our analysis of the foregoing case law and authority, we find that Lt. Hartsel searched the defendant's premises on the reasonable belief that the search warrant, having been examined and approved by Judge Daniel, comported with the Fourth Amendment. Furthermore, Lt. Hartsel was acting as both the affiant and executing officer, and there was no possibility that the wrong premises, namely a nonexistent address, would be searched.

Therefore, we find that appellant's two assignments of error are well taken. Accordingly, we must reverse the judgment of the Common Pleas Court of Seneca County granting the defendant's motion to suppress, and we remand this cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.