**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2011

Lyle W. Cayce
Clerk

No. 10-20299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARISTILLE JOSEPH HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-428-1

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Aristille Joseph Harris appeals his bench trial conviction for possession of cocaine with intent to distribute, discharging a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. Harris argues that the district court erred by denying his motion to suppress evidence obtained during a search of his apartment. He maintains that the search warrant was invalid because it contained the wrong apartment number. He asserts that the good-faith exception to the warrant requirement does not apply because the search

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warrant affidavit executed by Officer Carlos Alcocer contained material false statements that were made with reckless disregard for the truth, because Officer Alcocer made material omissions in the affidavit regarding how he learned the apartment number, and because without the false statements in the search warrant affidavit there was not a sufficient description of the place to be searched.  Harris maintains that the precedent relied upon by the Government and the district court is factually distinguishable from the present case.  He contends that Officer Alcocer's leading the SWAT team that executed the search warrant to the correct apartment did not validate the warrant because Officer Alcocer had no authority to act as a magistrate and amend the warrant.

Harris acknowledges that, even assuming that the warrant was invalid and the good-faith exception did not apply, the officers had probable cause to enter the apartment and detain him after he began firing at the officers.  Nevertheless, he maintains that the officers then had authority only to perform a protective sweep, and they exceeded that authority by searching the apartment for drugs and drug paraphernalia in areas where an armed man could not have been hidden.  The Government asserts that we should not consider this argument because Harris did not raise it in the district court.

This court employs a two-step process for reviewing a district court's denial of a motion to suppress where a search warrant is involved. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004).  We must first decide whether the good-faith exception to the exclusionary rule applies.  *Id.*  If the good-faith exception applies, our inquiry ends, and the district court's judgment must be affirmed.  *Id.*  However, if the exception does not apply, we must determine whether there was a substantial basis for the magistrate judge to find  probable cause.  *Id.*  We review findings of fact made by a district court on a motion to suppress for clear error and the district court's legal conclusions *de novo,* viewing the evidence in the light most favorable to the prevailing party.  *See United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001).  The good-faith exception

to the exclusionary rule will not apply if the affidavit in support of the search warrant contains intentionally false material statements or false material statements made with reckless disregard for the truth, and the affidavit would not have sufficiently established probable cause absent such false statements. *United States v. Cavazos*, 288 F.3d 706, 709-10 (5th Cir. 2002).

The search warrant affidavit contained an inaccurate statement that the confidential informant (CI) was seen leaving Harris's apartment after a controlled buy when the CI actually was seen only coming down the staircase from Harris's apartment after the controlled buy.  The search warrant affidavit also inaccurately related that the CI told Officer Alcocer that Harris and his brother were distributing crack cocaine at 8801 Monticello Drive, Apartment 163, when the CI had stated only that Harris and his brother were distributing crack cocaine from Harris's apartment, and Officer Alcocer obtained the apartment number from another officer's reading of a map of the apartment complex.  These minor inaccuracies did not materially distort actual facts and were insufficient to show reckless disregard for the truth.  *See United States v. Arce*, 633 F.2d 689, 695 (5th Cir. 1980).

Other than those minor inaccuracies, all of the statements in the search warrant affidavit that Harris challenges contained the same incorrect statement: that Harris's apartment was Apartment 163 when it was actually Apartment 165.  The overwhelming evidence presented at the suppression hearing showed that the officers could not read the apartment number on Harris's apartment for safety reasons and that Officer Alcocer honestly believed at the time he executed the affidavit that Harris's apartment was Apartment 163 based upon another officer's reading of a map of the apartment complex.  As the evidence showed that Officer Alcocer's inclusion of the incorrect apartment number was a negligent mistake based upon the other officer's misreading of the apartment complex map, Officer Alcocer's inclusion of the incorrect apartment number in the search warrant affidavit was not made in reckless disregard of the truth and

did not make the good-faith exception inapplicable. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978).

Harris maintains that Officer Alcocer's omission of the facts concerning how he obtained the apartment number and the uncertainty regarding the apartment number required the exclusion of the evidence obtained during the search of his apartment. His argument, however, is without merit because "[t]here is no requirement that an affidavit detail the manner in which the affiant gathered information." *United States v. Brown*, 941 F.2d 1300, 1304 (5th Cir. 1991).

While the search warrant incorrectly identified Harris's apartment as Apartment 163, the CI showed the apartment to Officer Alcocer, and Officer Alcocer directed the SWAT team that executed the search warrant to the correct apartment. As the same officer both executed the search warrant affidavit and directed the SWAT team to the apartment, "'there was no possibility the wrong premises would be searched.'" *United States v. Gordon*, 901 F.2d 48, 50 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 510 (1990) (quoting *United States v. Burke*, 784 F.2d 1090, 1093 (11th Cir. 1986)). Given the circumstances, the good-faith exception applied, and the district court did not err by denying the motion to suppress. *See id.*; *United States v. Smith*, 988 F.2d 1210 (table), No. 92-5605, 1993 WL 82144 at *1 (5th Cir. 1993) (unpublished) ("Unpublished opinions issued before January 1, 1996, are precedent." 5TH CIR. R. 47.5.3). We do not reach Harris's argument that the officers who searched his apartment exceeded the scope of the authority they had to search the apartment based solely upon Harris's shooting at the officers. *See Froman*, 355 F.3d at 888.

AFFIRMED.