# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN B. ALMAGUER, also known as John Almaguer, also known as Juan Almaguer, also known as John Berban Almaguer, also known as John B. Almagues,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-626-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John B. Almaguer pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. As part of his plea agreement, Almaguer waived his right to appeal his conviction and sentence. However, he reserved the right to appeal the district court's denial of his motion to suppress the evidence. On appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he argues that the district court erred by denying his motion to suppress and seeks to challenge the reasonableness of his sentence.  The Government seeks enforcement of the waiver provision.

When reviewing the denial of a motion to suppress evidence, we review factual findings for clear error and the ultimate constitutionality of law enforcement action de novo.  *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999).  The evidence is viewed in the light most favorable to the prevailing party, in this case, the Government.  *See United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010).  Almaguer challenges the district court's factual finding that the search warrant was issued prior to the search.

The district court's finding that the warrant was issued at 11:10 a.m., prior to the search of Almaguer's residence, is plausible in light of the record as a whole.  *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  Accordingly, Almaguer's argument that the evidence should be suppressed because the search took place prior to the issuance of the search warrant is without merit.

Almaguer also challenges the district court's conclusion that the officers relied on the warrant in good faith.  We engage in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved.  *Cherna*, 184 F.3d at 407.  First, we determine whether the good faith exception to the exclusionary rule applies and, second, whether the magistrate had a substantial basis for concluding that probable cause existed.  *United States v. Mays*, 466 F.3d 335, 343-44 (5th Cir. 2006); *Cherna*, 184 F.3d at 407.  If the good faith exception applies, then no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed, unless the case presents a novel question of law whose resolution is necessary to guide future action.  *Mays*, 466 F.3d at 343.

No. 13-50331

Almaguer's argument that the affidavit underlying the search warrant is a bare bones affidavit is unavailing.  A bare bones affidavit is one that contains wholly conclusional statements and is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992) (internal quotation marks and citation omitted).  The affidavit underlying the search warrant in this case is not wholly conclusional because it included information about when and where the contraband was observed by a confidential informant, it indicated that the informant had previously given reliable information, and it indicated how the affiant was confident that the person observed to be in possession of the contraband would be at the location sought to be searched.  *See United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006).

Almaguer's argument that Detective Sendejo did not rely on the warrant in good faith because he did not notice the erroneous time set forth on the warrant is unavailing.  A technical error is insufficient to invalidate a warrant. *United States v. Benavides*, 854 F.2d 701, 701-02 (5th Cir. 1988).  The district court did not err in concluding that the good faith exception applied in this case.  *See United States v. Leon*, 468 U.S. 897, 923 (1984); *Mays*, 466 F.3d at 343.  Consequently, the denial of the motion to suppress is affirmed.

The appeal waiver in the plea agreement precludes an appeal from Almaguer's sentence.  Thus, he may not raise the current sentencing issues. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014).  The challenge to the sentence is dismissed.

AFFIRMED IN PART; DISMISSED IN PART.