# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BOBBY JOE ROSA, also known as Psycho, also known as B. J.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-719-1

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Bobby Joe Rosa entered a conditional guilty plea to one count of illegal possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), reserving the right to appeal the district court's denial of his motion to suppress evidence discovered during execution of a search warrant at his residence. Rosa claims the court erred in denying his suppression motion

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40194

because:  the affidavit supporting the warrant lacked probable cause; and the good-faith exception did not apply.

"When reviewing a denial of a motion to suppress evidence, this [c]ourt reviews factual findings for clear error and the ultimate constitutionality of law enforcement action *de novo*." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).  "The district court's determination of the reasonableness of a law enforcement officer's reliance upon a warrant issued by a magistrate—for purposes of determining the applicability of the good-faith exception to the exclusionary rule—is also reviewed *de novo*."  *United States v. Cherna*, 184 F.3d 403, 406–07 (5th Cir. 1999).

The evidence is viewed "in the light most favorable to the prevailing party", in this case, the Government.  A district court's denial of a suppression motion should be upheld "if there is any reasonable view of the evidence to support it". *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation and citation omitted).  Moreover, our review is particularly deferential where, as here, "denial of a suppression motion is based on live . . . testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses". *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation omitted).

"[E]vidence obtained pursuant to a warrant should be [suppressed] only . . . in those unusual cases in which exclusion will further the purposes of the exclusionary rule". *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 918 (1984)).  Our court engages in a two-step inquiry in reviewing the denial of defendant's motion to suppress when a search warrant is involved. *Cherna*, 184 F.3d at 407.

"First, we determine whether the good-faith exception to the exclusionary rule announced in [*Leon*], applies." *Cherna*, 184 F.3d at 407.  If

so, no further analysis is conducted and the denial of the motion to suppress is affirmed. *Id.*

Second, if that exception does not apply, we evaluate whether "the magistrate had a substantial basis for . . . concluding that probable cause existed". *Id.* (quoting *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129 (5th Cir. 1997)).

The good-faith exception provides that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even [if] the affidavit on which the warrant was based was insufficient to establish probable cause". *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). The exception does not apply if, *inter alia*: (1) the magistrate "was misled by information in an affidavit that the affiant knew" or, but for a reckless disregard for the truth should have known, was false; or (2) the affidavit is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable". *Cherna*, 184 F.3d at 407–08 (quoting *Leon*, 469 U.S. at 923). In that regard, our court considers "all of the circumstances surrounding the issuance of the warrant" when making the good-faith inquiry. *United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) (internal quotation marks omitted).

For the first of his two bases for challenging application of the good-faith exception, Rosa contends the affiant falsified, or showed reckless disregard for the truth of, information in the affidavit. For such a claim, defendant has the burden of establishing, by a preponderance of the evidence, that the affiant's statement was an intentional falsehood or displayed a reckless disregard for the truth. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002).

As an initial matter, Rosa did not raise this point in district court; therefore, it is waived. *E.g.*, *United States v. Cates*, 952 F.2d 149, 152 (5th Cir.

1992) ("We will not consider for the first time on appeal an argument not presented to the district court."). In addition, the issue is arguably not adequately briefed on appeal. In any event, he has not met his burden because he failed to identify the supposedly false statements in the affidavit or introduce evidence showing the affiant either intentionally falsified the affidavit or recklessly disregarded the truth. *E.g.*, *Cavazos*, 288 F.3d at 710.

For his other basis for claiming the good-faith exception does not apply, Rosa asserts the affidavit was so lacking in probable cause as to render belief in its existence entirely unreasonable, in essence suggesting the affidavit was "bare bones" because it relied on uncorroborated information from unnamed sources whose credibility was not established. *Satterwhite*, 980 F.2d at 321. As noted, the totality of the circumstances are considered in deciding whether an affidavit is "bare bones". *See, e.g.*, *United States v. Fisher*, 22 F.3d 574, 578–79 (5th Cir. 1994).

The affidavit was not "bare bones" because it described the investigation preceding the warrant application and cited various sources for the information contained in it. *See id.*; *Satterwhite*, 980 F.2d at 321. The affidavit demonstrated the veracity of the informant's statements, the basis of the informant's knowledge, and the affiant's independent investigation of the tips. *See Satterwhite*, 980 F.2d at 321; *United States v. Shugart*, 117 F.3d 838, 843–44 (5th Cir. 1997).

Our court has held officers' reliance on search warrants supported by similar affidavits objectively reasonable. *E.g.*, *United States v. Laury*, 985 F.2d 1293, 1312–13 (5th Cir. 1993); *United States v. Almaguer*, 589 F. App'x 285, 287 (5th Cir. 2015). In the light of the totality of the circumstances, reliance on the warrant and supporting affidavit at issue here was no less reasonable.

No. 17-40194

(Because the good-faith exception applies, we need not address probable cause *vel non*. *E.g.*, *Cherna*, 184 F.3d at 407.)

AFFIRMED.