# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11407
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL DIMAS GUERRA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CR-137-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Manuel Dimas Guerra was convicted by a jury of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, possession with intent to distribute 500 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a total of 300 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11407

Guerra argues that the district court erred by denying his motion to suppress evidence seized pursuant to a state warrant. We will uphold a district court's denial of a motion to suppress "if there is any reasonable view of the evidence to support it." *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018) (internal quotation marks and citation omitted). The district court did not err in concluding that the good faith exception applied in this case, notwithstanding any technical error in the warrant. *See United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999); *United States v. Kelley*, 140 F.3d 596, 601, 604 (5th Cir. 1998); *United States v. Benavides*, 854 F.2d 701, 701-02 (5th Cir. 1988).

Guerra also argues, for the first time, that the evidence was insufficient to support his conviction for possession of a firearm in furtherance of a drug trafficking offense. Because Guerra did not preserve his challenge to the sufficiency of the evidence, review is for plain error only. *See United States v. Pringler*, 765 F.3d 445, 449 (5th Cir. 2014). On plain error review, an unpreserved insufficiency claim "will be rejected unless the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks and emphasis omitted). Such is not the case here. The evidence was at least sufficient, under this standard of review, to show that Guerra constructively possessed the weapon at issue in furtherance of a drug trafficking crime.

Accordingly, the district court's judgment is AFFIRMED. Guerra, who is represented by counsel in this appeal, has filed a pro se motion purporting to seek reconsideration of the denial of his prior motion to compel and to substitute counsel. His pro se motion is DENIED.