# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

No. 22-40591
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Steven Dewayne Wilson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:18-CR-219-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Following a jury trial, Stephen Dewayne Wilson was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), and was sentenced to 36 months of imprisonment. On appeal, he raises numerous challenges to the validity of his conviction.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

First, Wilson asserts that the district court erred in denying his motion to suppress, arguing that the search warrant lacked the particularity required by the Fourth Amendment because it described the property to be searched with the wrong postal address. He urges that the good-faith exception to the exclusionary rule does not apply because the officers could not objectively rely in good faith on a warrant with the wrong address, particularly as there was a mailbox nearby indicating the correct address.

On appeal from the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and the ultimate constitutionality of the actions by law enforcement *de novo*. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). A district court's ruling on a suppression motion should be upheld "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).

This court engages in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress when a search warrant is involved. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). First, this court determines whether the good faith exception to the exclusionary rule, announced in *United States v. Leon*, 468 U.S. 897 (1984), applies. *Cherna*, 184 F.3d at 407. If so, no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed. *Id.* If not, the court proceeds to the second step, "ensur[ing] that the magistrate had a substantial basis for . . . concluding that probable cause existed." *Id.* (second alteration in original) (internal quotation marks and citation omitted).

Here, Wilson's challenge to the correctness of the address listed in the warrant implicates, at best, a technical error. *See, e.g.*, *United States v. Benavides*, 854 F.2d 701, 701–02 (5th Cir. 1988). Even assuming that the

address listed in the warrant was incorrect, there was no evidence of bad faith on the executing officers' part. And, as the district court observed, the executing officers objectively believed the warrant to be valid, were familiar with the property, had a long history of responding to 911 calls at that location (including as recently as the previous evening), exhibited no confusion as to the property to be searched, and searched only the camper, two pickup trucks, and two trailers identified in the search warrant. The good faith exception therefore applies, and the district court's denial of the motion must be upheld. *See United States v. Gordon*, 901 F.2d 48, 50 (5th Cir. 1990); *see also Cherna*, 184 F.3d at 407; *Michelletti*, 13 F.3d at 841.

Next, Wilson argues that the district court erred in refusing to instruct the jury on the defense of justification. To prevail on such a defense, the defendant must show (1) he "was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious body injury"; (2) he "had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct"; (3) he "had no reasonable legal alternative to violating the law"—that is, no chance "to refuse to do the criminal act and . . . to avoid the threatened harm"; and (4) "a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm." *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998) (cleaned up). "The defendant must also prove a fifth element: that he possessed the firearm only during the time of danger." *United States v. Penn*, 969 F.3d 450, 455 (5th Cir. 2020).

This court reviews *de novo* a district court's refusal to provide an instruction on a defense that, if believed, would preclude a guilty verdict. *Id.* A defendant is entitled to an instruction on a defense "only if he presents sufficient evidence for a reasonable jury to find in his favor." *Id.* (internal quotation and citation omitted). He "must produce evidence to sustain a

finding on each element of the defense before it may be presented to the jury." *Id.* (internal quotation and citation omitted).  In determining whether the defendant has made this threshold showing, this court reviews the evidence and inferences to be taken therefrom in the light most favorable to the defendant.  *Id.*

In the felon-in-possession context, courts construe the justification defense "'very narrowly' and limit its application to the 'rarest of occasions.'"  *Id.*  This court has explained that the defense is generally unavailable unless the defendant "did nothing more than disarm someone in the heat of a dangerous moment," and possessed a gun only briefly to prevent injury to himself or someone else.  *Id.* (internal quotation and citation omitted).

Even when construed most favorably to Wilson, the evidence, including his own testimony, does not establish the rare, exigent circumstances necessary to support the justification defense.  *See id.*; *see also United States v. Panter*, 688 F.2d 268, 269, 270–72 (5th Cir. 1982).  The evidence instead showed that Wilson never complained to police that he was in fear for his life or that he needed the weapon to defend himself against threats from his purported accoster, and there was nothing to show that, at the time he obtained the rifle, the alleged accoster was actively threatening him with likely death or bodily injury such that he had an immediate need to arm himself.  To the contrary, Wilson was nowhere near the alleged attacker when he acquired the rifle.  The evidence fails to show that the rifle was necessary to prevent immediate injury to himself or someone else at the time he possessed it and thus did not support any "present, imminent, or impending threat," for purposes of the defense of justification.  *Posada-Rios*, 158 F.3d at 874; *see also Penn*, 969 F.3d at 455; *Panter*, 688 F.2d at 270–72.

Furthermore, the justification defense would insulate Wilson only for possession during the time of the alleged endangerment. *See Penn*, 969 F.3d at 455. "Possession either before the danger or for any significant period after it remains a violation." *Panter*, 688 F.2d at 272. The trial evidence established that he possessed the rifle for, at a minimum, several hours following his allegedly threatening encounter. Wilson therefore fails to demonstrate the permissible limited duration of possession for purposes of establishing the defense. *See id.*; *United States v. Harper*, 802 F.2d 115, 118 (5th Cir. 1986). The district court thus did not err in refusing Wilson's requested jury instruction. *See Penn*, 969 F.3d at 455; *Posada-Rios*, 158 F.3d at 874; *Panter*, 688 F.2d at 270–72.

Relatedly, Wilson asserts that the district court erred in excluding the testimony of John Blackwell, a bank vice president, to the effect that, several weeks after his arrest, checks were forged on his account. Wilson contends that the testimony would have corroborated his testimony that his camper had been burglarized, was probative of his fear at the time of the incident, and would have supported a justification defense. Wilson's conclusional assertions to the contrary notwithstanding, the district court did not abuse its discretion in determining that Blackwell's proposed testimony about check forgeries was not relevant either to defeat the elements of a § 922(g) offense or to establish a justification defense given that the forgeries postdated the firearms offense by several weeks and had no bearing on whether Wilson faced an imminent threat of death or serious bodily injury at the time he committed the offense. *See* Fed. R. Evid. 401; Fed. R. Evid. 402; *see also United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013).

For the first time on appeal, Wilson contends that the statute of conviction, § 922(g), is unconstitutional on its face because it does not have a substantial effect on interstate commerce and thus exceeds Congress's authority under the Commerce Clause. However, as he concedes, this

argument is foreclosed by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013). *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Wilson additionally argues, also for the first time on appeal, that § 922(g)(1) is unconstitutional because it violates the Second Amendment. Because he did not raise this argument in the district court, review is for plain error only. *See United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994). To demonstrate plain error, Wilson must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009). In fact, "[e]ven where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation and citation omitted). Because there is no binding precedent holding that § 922(g)(1) unconstitutional, Wilson is unable to demonstrate an error that is clear or obvious. *See Rodriguez-Parra*, 581 F.3d at 230–31.

The district court's judgment is

AFFIRMED.