# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20112
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 26, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS CLIFFORD SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-467-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Louis Clifford Smith appeals his conviction for receipt of child pornography, access with intent to view child pornography, and possession of child pornography. As part of a plea agreement, Smith reserved the right to appeal the denial of his motion to suppress. This case concerns the implications of a Network Investigative Technique (NIT) warrant issued in the Eastern District of Virginia, authorizing the Federal Bureau of Investigation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20112

to use malware in identifying and prosecuting users of a child-pornography website known as "Playpen," which operated on an anonymous network.

Smith argues that the district court erred by denying his motion to suppress.  He contends that the issuance of the NIT warrant by the magistrate judge in the Eastern District of Virginia violated Federal Rule of Criminal Procedure 41(b) and 28 U.S.C. § 636 and that the district court erred by concluding that the good-faith exception to the exclusionary rule is inapplicable.  Finally, he argues that there were no exigent circumstances justifying a warrantless search.

When reviewing the denial of a motion to suppress evidence, this court reviews the district court's factual findings for clear error and its conclusions of law de novo.  *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004).  "[T]he determination of the reasonableness of a law enforcement officer's reliance upon a warrant issued by a magistrate for purposes of determining the applicability of the good-faith exception to the exclusionary rule" is a question of law that is reviewed de novo.  *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017) (internal quotation marks, ellipsis, and citation omitted).  Nevertheless, this court must view the evidence "in the light most favorable to the prevailing party, here, the Government."  *Id.* (internal quotation marks and citation omitted).  A district court's denial of a motion to suppress should be upheld "if there is any reasonable view of the evidence to support it."  *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018) (internal quotation marks and citation omitted).

In light of our recent decision in *United States v. Ganzer*, 922 F.3d 579, 590 (5th Cir. 2019), *cert. denied*, 2019 WL 4923239 (U.S. Oct. 7, 2019) (No. 19-5339), we AFFIRM the district court's denial of Smith's motion to suppress. *See United States v. Pawlak*, 935 F.3d 337, 346-48 (5th Cir. 2019).