# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2020

Lyle W. Cayce
Clerk

No. 19-11060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IDRISSA TRAORE, also known as Jonathan Neale Shutte, also known as Mark Alfredo Rogers,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-290-2

Before WIENER, SOUTHWICK, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Idrissa Traore entered a conditional guilty plea to wire fraud, conspiracy to commit wire fraud, and aiding and abetting identity theft, reserving his right to challenge the denial of his motion to suppress evidence. He argues the district court erred in denying his suppression motion because the information in the affidavit supporting the search warrant was stale.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11060

When reviewing the denial of a motion to suppress, this court reviews the district court's findings for clear error and its conclusions of law de novo. *See United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002).  When a search warrant is involved, this court uses a two-part analysis to review the denial of a suppression motion.  *See United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999).  First, this court must determine whether the good faith exception to the exclusionary rule applies; if it does not, this court will then determine whether the magistrate had a substantial basis for its finding of probable cause.  *See id.*  If the good faith exception applies, this court need not reach the question of probable cause.  *See id.*  The exception normally applies when law enforcement relies on a warrant issued by a magistrate.  *See United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988).  However, the exception does not apply when the warrant was supported by an affidavit that is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable."  *See Cherna*, 184 F.3d at 408-09 (internal quotation marks and citation omitted).

Traore argues the search warrant, which issued on June 12, 2018, was based on stale information and therefore lacked any indicia of probable cause. The affidavit supporting the search warrant described a years-long stolen identity tax refund scheme and stated that one of the bank accounts used in the scheme was accessed several times in May and June 2017 from the IP address assigned to Traore's residence.  The affidavit further stated this residence was the same one listed on the individual tax return Traore filed in April 2018, and that Traore's lease agreement for the residence ran until August 31, 2018.  The warrant sought, *inter alia*, electronic bank records and documents related to the preparation of tax returns, which can reasonably be expected to be kept at one's residence for long periods of time.  *See United*

No. 19-11060

*States v. Freeman*, 685 F.2d 942, 952 (5th Cir. 1982). The affidavit further explained that the type of digital files sought could be recovered from electronic devices years after they had been downloaded or deleted. Based on these facts, it was not unreasonable for law enforcement to believe there was probable cause that evidence of the scheme would be found at Traore's residence nearly a year after the bank account was last accessed from his home. *See United States v. Allen*, 625 F.3d 830, 842-43 (5th Cir. 2010).

Traore also argues that the fact that the bank account was accessed from his IP address does not establish that he accessed the account. He contends that any device connected to his wireless network could share his IP address, and the account therefore could have been accessed by a house guest. However, this argument is insufficient to show the affidavit lacked indicia of probable cause. *See United States v. Contreras*, 905 F.3d 853, 858-59 (5th Cir. 2018); *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007).

The district court did not err in concluding the good faith exception applied and denying Traore's motion to suppress. Accordingly, the district court's judgment is AFFIRMED.