# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2020

Lyle W. Cayce
Clerk

No. 19-20639
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JOHN CHRISTOPHER FERGUSON,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-34-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges.*

PER CURIAM:*

John Christopher Ferguson was convicted of sexual exploitation of children, receipt of child pornography, access with intent to view child pornography, and possession of child pornography. He appeals the denial of his motion to suppress evidence seized in the Southern District of Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to a network investigative technique (NIT) warrant issued in the Eastern District of Virginia to identify users of the child pornography website "Playpen." He argues that the NIT warrant violated the Federal Magistrate's Act, 28 U.S.C. § 636(a), and former Federal Rule of Criminal Procedure 41(b) (2015) and was therefore void ab initio and violative of the Fourth Amendment. Ferguson further contends that the good-faith exception to the Fourth Amendment's exclusionary rule is inapplicable where law enforcement acted in reckless disregard of Rule 41(b), knowing that there were jurisdictional restraints on the issuance of the NIT warrant based on (1) the Department of Justice's decision to amend Rule 41(b) to allow for NIT warrants and (2) the refusal of a magistrate judge in the Southern District of Texas to issue a similar warrant in *In re Warrant to Search a Target Computer at Premises Unknown*, 958 F. Supp. 2d. 753, 755 (S.D. Tex. 2013).

In our examination of the district court's denial of a suppression motion, we review legal issues de novo and factual findings for clear error, and we view the evidence in the light most favorable to upholding the ruling. *United States v. Ganzer*, 922 F.3d 579, 583 (5th Cir.), *cert. denied*, 140 S. Ct. 276 (2019); *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017); *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). When reviewing a district court's denial of a defendant's motion to suppress which challenges the sufficiency of a warrant, we first determine whether the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984) applies. *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018); *Froman*, 355 F.3d at 888. If the good faith exception applies, "we may affirm the district court's denial of the motion to suppress without reaching the question of probable cause." *Contreras*, 905 F.3d at 857.

In *United States v. Ganzer*, 922 F.3d 579, 583-590 (5th Cir.), *cert. denied*, 140 S. Ct. 276 (2019), we examined the validity of a similar NIT

warrant issued in the Eastern District of Virginia to identify Playpen users and rejected the same legal challenges Ferguson now raises. In line with our opinion in *Ganzer*, we assume without deciding that the magistrate judge who issued the NIT warrant lacked authority to do so, that a Fourth Amendment violation occurred as a result of the warrant's issuance, and that the warrant was void ab initio. *See* 922 F.3d at 586. We nevertheless conclude that "the law enforcement officials involved in the issuance and execution of the NIT warrant acted with an objectively reasonable good-faith belief that their conduct was lawful" and, therefore, that the good-faith exception to the exclusionary rule applies. *Id*. at 590 (internal quotation marks, brackets, and citations omitted). Exclusion is inappropriate, and the district court did not err in denying Ferguson's motion to suppress with respect to the NIT warrant. *See Contreras*, 905 F.3d at 857.

AFFIRMED.