# United States Court of Appeals for the Fifth Circuit

No. 22-10206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Bryan David Edwards,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-68-1

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Bryan David Edwards was charged with distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Evidence leading to his indictment was seized during execution of a search warrant authorizing officers to enter

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a specified residence and "seize and forensically analyze property including but not limited to:   electronic devices, computers, tablets, cellular [tele]phones, laptop computers, desktop computers, and digital memory storage devices used in storage, dissemination or viewing of explicit images in violation [of] Texas Penal Code [§] 43.262".

Edwards moved to suppress evidence discovered during execution of the search warrant.  The court denied his suppression motion; and he entered a conditional guilty plea to the possession count, reserving the right to appeal the adverse suppression ruling.

Edwards asserts:   the search warrant was impermissibly general because it did not specify the parts of his cellular telephone that could be searched or limit the types of property that could be seized; and, because the warrant lacked precision, a reasonable officer would have known it was invalid, meaning the good-faith exception to the exclusionary rule should not have applied.  Further, he contends the court erred by denying his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); and maintains that, in addition to the requested *Franks* hearing, the court should have ordered *sua sponte* an evidentiary hearing for his suppression motion.

When reviewing the denial of a suppression motion, our court reviews "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo".  *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).  Generally, when the sufficiency of a search warrant is challenged, we first determine whether the good-faith exception to the exclusionary rule applies.  *E.g.*, *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018).

"For the good-faith exception to apply, the executing-officer's reliance on the issuing-judge's probable-cause determination and the technical sufficiency of the warrant must have been objectively reasonable."

*United States v. Gibbs*, 421 F.3d 352, 358 (5th Cir. 2005). An officer's reliance on a warrant is not objectively reasonable where, *inter alia*, the warrant authorizing the officer's actions is so "facially deficient" in failing to particularize the place to be searched or the things to be seized that the executing officers "cannot reasonably presume it to be valid". *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (citation omitted).

Despite the "including but not limited to" language in the warrant, it provided a list of items usually expected to be used to view, store, or disseminate child pornography, therefore linking the items to be seized and searched with the suspected criminal offense. *E.g.*, *United States v. Layne*, 43 F.3d 127, 132–33 (5th Cir. 1995) (holding warrants directing seizure of "assorted pornographic videotapes; assorted pornographic magazines; assorted devices" and "[c]hild pornography; records of victims; drawings; pictures; computer disks, sexual devices; videotapes; child abuse books; magazines; audiotapes; and any other obscene or child pornographic material" were sufficiently particular).

Moreover, the warrant explained these items were evidence of the commission of the offense of possession of child pornography as described in the accompanying affidavit. *E.g.*, *United States v. Triplett*, 684 F.3d 500, 505 (5th Cir. 2012) (concluding terms such as "electronic devices" or "electronic memory devices" were sufficiently particular where warrant also provided limiting guidance that items were relevant). That the warrant could have been more grammatically correct and specific did not render it so "facially deficient" that the officers could not reasonably presume it was valid. *E.g.*, *Mays*, 466 F.3d at 343 (citation omitted). And because the court correctly determined the good-faith exception to the exclusionary rule applied, it is unnecessary to consider Edwards' assertion the warrant was impermissibly general. *E.g.*, *Contreras*, 905 F.3d at 857.

No. 22-10206

To obtain a *Franks* hearing on a suppression motion, defendant challenging the validity of a warrant affidavit must make a "substantial preliminary showing" that: (1) affiant "knowingly and intentionally, or with reckless disregard for the truth", made a false statement in the affidavit or omitted material information; and (2) the remaining portion of the affidavit, or the affidavit with the omitted information included, is insufficient to support a finding of probable cause. *Franks*, 438 U.S. at 155–56, 171–72; *United States v. Tomblin*, 46 F.3d 1369, 1376–77 (5th Cir. 1995) (applying *Franks* to situations involving alleged omissions in a supporting affidavit).

The court denied a *Franks* hearing on the grounds the alleged omissions were immaterial, meaning they did not affect the probable-cause determination. *E.g.*, *Tomblin*, 46 F.3d at 1377. Edwards contends the affidavit should have listed general information about Internet Protocol (IP) addresses, including that IP addresses do not specify a user or device, can be secured or open, and can be spoofed or copied. He also maintains the affidavit should have: mentioned whether he lived alone or with others; and included additional steps that law enforcement could have taken, such as subpoenaing the electronic-service provider for more information.

The affidavit contained sufficient information giving rise to a fair probability that someone in Edwards' household uploaded child pornography to Tumblr, the online blogging platform. *E.g.*, *Contreras*, 905 F.3d at 858 ("[P]robable cause does not demand more than a fair probability on which a reasonable person would act". (citation omitted)). Although the omitted information may have introduced the possibility that someone other than Edwards could have committed the offense, it did not affect the connection between the Tumblr account that uploaded the child pornography, Edwards' IP address, and his physical address. *Cf. United States v. Perez*, 484 F.3d 735, 740–42 (5th Cir. 2007) (holding probable cause existed based on connection between transmission of child pornography,

defendant's IP address, and defendant's physical address). Accordingly, the court did not err by denying a *Franks* hearing on the basis that Edwards failed to make a preliminary showing the omitted information was material to the probable-cause determination. *E.g.*, *Tomblin*, 46 F.3d at 1376–77.

Finally, regarding the claim that the court, in addition to the requested *Franks* hearing, should have ordered an evidentiary hearing on other points *sua sponte*, an evidentiary hearing is required "only when necessary to receive evidence on an issue of fact". *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). Edwards contends an evidentiary hearing was necessary to determine whether: the detective who prepared the search-warrant affidavit knowingly and intentionally or recklessly omitted information; and the officers exceeded the scope of the warrant. Because the omitted information was immaterial, the legal issues could be resolved without answering these factual questions; therefore, the detective's state of mind when allegedly omitting the information was irrelevant. *E.g.*, *Tomblin*, 46 F.3d at 1377. Further, Edwards failed to assert in his suppression motion that the officers exceeded the scope of the warrant, so it was unnecessary to order an evidentiary hearing to determine whether they did so.

AFFIRMED.