# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50809
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Anthony Rodriguez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-572-1

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Following the denial of his motion to suppress, Mark Anthony Rodriguez reserved his right to challenge that denial and proceeded to a bench trial on stipulated facts. He was found guilty of one count of distribution of child pornography, one count of receipt of child pornography, and three counts of possession of child pornography. He was sentenced to a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50809

total of 240 months of imprisonment and 10 years of supervised release, and he was ordered to pay $70,000 in restitution.

Some of the evidence against Rodriguez was discovered when agents executed a search warrant at his home. He maintained in the district court and reiterates on appeal that (1) the agent whose affidavit formed the basis for the search warrant misled the issuing magistrate judge by omitting material information from the affidavit, (2) the affidavit was bare bones and so lacking in indicia of probable cause that no official could reasonably have relied on it, and (3) the affidavit contained insufficient facts to establish a nexus between the place to be searched and the items sought. The district court determined that the good-faith exception to the exclusionary rule applied. Having carefully reviewed the record, we conclude that the district court's factual findings were not clearly erroneous and that a reasonable view of the evidence supports the conclusion that the good-faith exception does apply here. *See United States v. Leon*, 468 U.S. 897, 919, 922 & n.23 (1984); *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018); *United States v. Ortega*, 854 F.3d 818, 827 (5th Cir. 2017); *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

Other evidence against Rodriguez was obtained as a result of an interview that Rodriguez had with two agents while the other agents were executing the warrant by searching his home. Rodriguez contends that agents exploited their limited ability to detain the occupants of a premises that is being searched to interview Rodriguez and gain incriminating evidence. The district court found that no such exploitation had taken place, that Rodriguez was not in custody when he spoke to agents, and that Rodriguez's statements were made freely and voluntarily. The transcript of the suppression motion supports the district court's factual findings and its decision to deny the suppression motion. *See Contreras*, 905 F.3d at 857; *Robinson*, 741 F.3d at 594; *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir.

No. 22-50809

2008); *see also United States v. Harrell*, 894 F.2d 120, 123 (5th Cir. 1990) (stating that a defendant's statements are admissible if they are made outside of a custodial interrogation).

AFFIRMED.