# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50426
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit
**FILED**
April 2, 2025
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Claudio D'luna-Mendez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-367-2

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Juan Claudio D'luna-Mendez entered a conditional guilty plea to possession of a firearm by an illegal alien and was sentenced to 28 months of imprisonment, followed by three years of supervised release. He appeals the district court's denial of (1) his motion to suppress, asserting that the firearms seized pursuant to a search warrant should have been suppressed

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because the affidavit in support of the warrant contained false statements and material omissions and because the affidavit was bare bones, and (2) his motion to dismiss the indictment on constitutional grounds.

On appeal from the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and the ultimate constitutionality of the actions by law enforcement de novo. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). The evidence is viewed in the light most favorable to the Government as the prevailing party here. *See United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008).

In reviewing the motion to suppress, the magistrate judge considered photos of D'luna-Mendez's pickup truck, video and audio recordings from law enforcement's body cameras and dash cameras, D'luna-Mendez and the Government's certified Spanish to English transcriptions and translations of the officers' conversations with a witness, the search warrant and its supporting affidavit, the investigative report, and testimony from a private investigator on behalf of the defense. The magistrate judge found that D'luna-Mendez failed to show that he was entitled to relief under *Franks v. Delaware*, 438 U.S. 154 (1978) because he did not make a preliminary showing that Detective Corn, who provided an affidavit in support of the search warrant, "knowingly, intentionally, or recklessly made a false statement in the affidavit or omitted material information from the affidavit." *See United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017). The district court adopted the magistrate judge's report and recommendation. We find no clear error in the district court's finding that the affidavit was not bare bones or conclusional. *See United States v. Morton*, 46 F.4th 331, 336-37 (5th Cir. 2022) (en banc). Accordingly, the district court did not err in determining that the good-faith exception was applicable and denying D'luna-Mendez's motion to suppress. *See id.* at 336; *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018); *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999).

No. 24-50426

With respect to the denial of the motion to dismiss, D'luna-Mendez renews his argument that 18 U.S.C. § 922(g)(5) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). However, he correctly concedes that this argument is foreclosed. *See United States v. Medina-Cantu*, 113 F.4th 537, 542 (5th Cir. 2024), *petition for cert. filed* (U.S. Jan. 28, 2025) (No. 24-6427).

AFFIRMED.