# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2026

Lyle W. Cayce
Clerk

No. 25-30371

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy O. Kimmons,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-202-1

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Timothy O. Kimmons challenges the legality of a pat down performed on him during a traffic stop, as well as the sentence he received after his conditional guilty plea to a narcotics offense. Because the officer had reasonable suspicion Kimmons was armed, we AFFIRM the district court's denial of the motion to suppress. And because the district court erred in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30371

sentencing Kimmons as a career offender, we VACATE his sentence and REMAND to the district court.

I.

A narcotics agent received information that Kimmons was a large-scale methamphetamine distributor and was going to resupply in Lafayette, Louisiana on September 27, 2022. On that day, license plate recognition systems picked up a car known to be used by Kimmons driving towards and, later in the day, away from Lafayette. The narcotics agent notified another officer on traffic patrol that Kimmons was a drug dealer returning from a large resupply. The narcotics agent also informed the officer that Kimmons had previously been convicted of felony drug offenses and resisting an officer with force and was possibly armed. The officer followed Kimmons and pulled him over after he swerved over a fog line. The traffic stop occurred around 11:00 p.m. in a deserted area.

The officer instructed Kimmons to step out of the car and noticed that Kimmons was looking around and appeared nervous. Kimmons told the officer that he was coming from Shreveport, but the officer knew that he was coming from Lafayette. The officer asked to search the car, and Kimmons consented. Before beginning the search, the officer patted Kimmons down for weapons and felt a solid object that the officer believed to be a weapon in Kimmons' pants. Instead, it was a one-pound brick of methamphetamine.

Kimmons was indicted for possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Kimmons moved to suppress the methamphetamine obtained during the pat down. The district court denied the motion, and Kimmons conditionally pleaded guilty, reserving the right to appeal the suppression ruling.

No. 25-30371

The presentence investigation report (PSR) calculated a Guidelines range of 262 to 327 months of imprisonment. It determined that range, in part, by applying the career-offender enhancement based on Kimmons' prior drug offenses. *See* U.S.S.G. § 4B1.1(a). During sentencing, the district court noted that pursuant to 21 U.S.C. § 841(b)(1)(A), Kimmons' statutory minimum term of imprisonment was 15 years. The district court adopted the PSR and sentenced Kimmons to 262 months of imprisonment and 10 years of supervised release.

Kimmons timely appealed the district court's suppression ruling and sentence.

## II.

When considering a district court's ruling on a motion to suppress, we review factual findings, including credibility determinations, for clear error and legal conclusions *de novo. United States v. Walker*, 49 F.4th 903, 906 (5th Cir. 2022). We review the evidence in the light most favorable to the prevailing party—here, the Government. *Id.* And we "uphold a district court's denial of a suppression motion if there is any reasonable view of the evidence to support it." *United States v. Contreras*, 905 F.3d 853, 857 (5th Cir. 2018) (internal quotation marks and citation omitted).

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. CONST. amend. IV. "Warrantless searches and seizures are 'per se unreasonable unless they fall within a few narrowly defined exceptions.'" *United States v. Kelly*, 302 F.3d 291, 293 (5th Cir. 2002) (quoting *United States v. Roberts*, 274 F.3d 1007, 1011 (5th Cir. 2001)). *Terry v. Ohio*, 392 U.S. 1, 27 (1968), provides one exception allowing an officer to conduct a brief investigatory search of an individual he reasonably suspects to be engaged in criminal activity.

Kimmons concedes that the traffic stop was justified; he argues only that the officer's pat down was unconstitutional. We disagree. During an investigatory stop, an officer may frisk the detainee for weapons if he reasonably suspects that the person is armed and dangerous. *United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) (en banc). The officer "need not be certain that an individual is armed; the issue is whether a reasonably prudent man could believe, based on specific and articulable facts, that his safety or that of others is in danger." *Id.* at 840–41 (internal quotation marks and citation omitted).

At the time of the stop, the officer had information that Kimmons was a large-scale methamphetamine dealer actively engaged in a resupply. The officer testified that based on his experience, weapons are typically used by individuals carrying large amounts of narcotics. *See United States v. Dixon*, 132 F.3d 192, 197 (5th Cir. 1997) (recognizing that weapons are tools of the drug trade). And here, a narcotics agent alerted the officer that Kimmons was possibly armed. The officer also had information that Kimmons had previously been convicted of felony drug offenses and resisting an officer with force, contributing to his reasonable fear for his safety. *See United States v. Majors*, 328 F.3d 791, 795 (5th Cir. 2003) (per curiam) (knowledge of an individual's "history of narcotics and weapons offenses" is sufficient for an officer to reasonably believe that an individual "might be armed"). The circumstances surrounding the stop—the stop occurring at night in a deserted area and Kimmons acting nervous—contributed to the officer's reasonable suspicion that his safety was at risk and that Kimmons was armed. *See Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000) (factors contributing to reasonable suspicion include the location of the stop, the suspect's behavior, and the officer's experience); *United States v. McKinney*, 980 F.3d 485, 495 (5th Cir. 2020) (nervous behavior supports reasonable suspicion).

Based on the totality of the circumstances, it was reasonable for the officer to suspect that Kimmons was armed and to conduct a pat down search. The district court therefore did not err in refusing to suppress the methamphetamine obtained from the pat down.

## III.

Kimmons challenges two aspects of his sentence. He argues that (1) the district court erred in applying the career-offender enhancement because his prior drug offenses are not controlled substance offenses and (2) the applicable mandatory minimum sentence was 10 years—not 15—because his prior conspiracy to distribute a Schedule I Controlled Dangerous Substance (CDS) offense did not qualify as a "serious drug felony" under 21 U.S.C. § 841(b)(1)(A). The Government concedes issue (1) and agrees that resentencing is necessary; it does not concede issue (2) but does not oppose the district court considering this issue on remand. After reviewing the record, we agree with the parties that a new sentence is necessary.

First, a defendant is considered a career offender under the Guidelines if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). The Guidelines define "controlled substance offense" as an offense "punishable by imprisonment for a term exceeding one year, that" prohibits specific activities involving a controlled substance or counterfeit substance. *Id.* § 4B1.2(b). We define "controlled substance" by looking to the Controlled Substances Act (CSA). *United States v. Minor*, 121 F.4th 1085, 1089 (5th Cir. 2024). In *Minor*, we applied the categorical approach to hold that the defendant's predicate marijuana offenses "criminalize[d] a broader swath of conduct than the Guidelines' definition of 'controlled substance offense' in effect at the time of his sentencing for the instant offense. That is because, in 2018, the Agriculture Improvement Act removed 'hemp' from the CSA's

definition of marijuana." *Id.* (footnote omitted). Therefore, the marijuana offense could not be a predicate offense for application of the career-offender enhancement. *Id.* at 1093.

Here, the PSR applied the career-offender enhancement based on Kimmons' prior marijuana and CDS I offenses. The Government concedes, and the record shows that, Kimmons' marijuana convictions are not controlled substance offenses because, at the time of the offenses, Louisiana law included hemp in its definition of marijuana. Accordingly, the district court clearly erred by applying the career-offender enhancement to Kimmons. *See id.* Because the district court did not consider an alternative range nor state that it would have imposed the same sentence regardless of any Guidelines calculation error, we agree with the parties that remand for resentencing is appropriate. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (plain error affected defendant's substantial rights when the error "increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand" (quoting *United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009))).

Second, the district court adopted the PSR's finding that the statutory minimum term of imprisonment was 15 years under 21 U.S.C. § 841(b)(1)(A). Kimmons argues that his prior offense of conspiring to distribute a CDS I is not a "serious drug felony" warranting § 841(b)(1)(A)'s 15-year mandatory minimum sentence. Because it is unclear from the record what substance was at issue in the CDS I conviction, the district court did not focus on the statutory minimum at sentencing, and the Government is unopposed, we remand for the district court to consider this issue in light of the documents supplemented in the record on appeal.

\* \* \*

No. 25-30371

Because the officer had reasonable suspicion that Kimmons was armed, the district court's denial of the motion to suppress is AFFIRMED. We further VACATE the sentence and REMAND for resentencing.